**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

United States of America,

       Plaintiff,

  v.                                                       **MEMORANDUM OPINION**
                                                                          **AND ORDER**
                                                                         Criminal No. 14-192 ADM/LIB

Joshua M. Proudfoot,

       Defendant.

_____

Joshua M. Proudfoot, pro se.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Joshua M. Proudfoot's ("Proudfoot") Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1) [Docket No. 94] ("Motion").  For the reasons set forth below, the Motion is denied.

## II.  BACKGROUND

On June 9, 2014, Proudfoot was charged in an Indictment with one count of possession with intent to distribute 5 grams or more of actual methamphetamine, two counts of being a felon in possession of firearms and ammunition as an armed career criminal, and one count of being a felon in possession of body armor. See Indictment [Docket No. 1].  On September 4, 2014, Proudfoot entered a plea of guilty to Counts 1 and 4 of the Indictment.  Min. Entry [Docket No. 51]; Plea Agreement [Docket No. 52].  On February 6, 2015, Proudfoot was sentenced to concurrent terms of 202 months and 60 months on the two counts of conviction.  Sentencing J. [Docket No. 63] at 2.  The sentence was a 5 year downward variance from the applicable guideline range.

Proudfoot is currently incarcerated at the United States Penitentiary in Terre Haute, Indiana ("USP Terre Haute"). His projected release date is January 10, 2029. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/ (last accessed September 11, 2020).

Proudfoot now moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Proudfoot, age 42, argues that he has health issues and fears he will contract the COVID-19 virus while in prison. He also states his family concerns include that his elderly parents are in poor health and have trouble supporting themselves. Proudfoot expresses remorse for his crimes and states that he has a release plan that includes a job, a place to live, and treatment for mental health and substance abuse.

### III. DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A). Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's applicable policy statement defines "extraordinary and compelling" reasons to include serious medical conditions or cognitive impairments "that substantially diminish[] the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii). "Extraordinary and compelling" reasons also include family

2

circumstances in which the caregiver of the defendant's minor children has died or become incapacitated, or where the defendant's spouse or registered partner is incapacitated and the defendant is the only available caregiver. U.S.S.G. § 1B1.13 comment n.1(C). The policy statement also requires the court to determine that "[t]he defendant is not a danger to the safety of any other person or to the community" before a sentence reduction may be granted under § 3582(c)(1)(A). U.S.S.G. § 1B1.13(2).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Poudfoot states that he submitted a compassionate release to the prison staff and the warden.

Assuming without deciding that Proudfoot has satisfied the exhaustion requirement of § 3582(c)(1)(A), he has not shown extraordinary and compelling reasons warranting a sentence reduction. When considering compassionate release motions in the context of the COVID-19 pandemic, courts have required an inmate to show both a "particularized susceptibility to the disease" and "a particularized risk of contracting the disease at his prison facility." United States v. Miland, No. 16–0159 (WMW), 2020 WL 3249259, at *3 (D. Minn. June 16, 2020) (quoting United States v. Feiling, No. 3:19–112 (DJN), 2020 WL 1821457, at *7 (E.D. Va. Apr. 10, 2020)); accord United States v. Ramirez, No. 17-10328-WGY, 2020 WL 2404858, at *3 (D. Mass. May 12, 2020); United States v. Shamilov, No. 19-cr-238 (SRN), 2020 WL 2029600, at *3 (D. Minn. Apr. 28, 2020). Although Proudfoot states that he has "some health issues," he does identify them and whether they increase his risk of experiencing serious complications from

COVID-19.  Thus, Proudfoot has not shown a particularized susceptibility to the COVID-19 virus.

Proudfoot's family circumstances also do not warrant a sentence reduction.  Proudfoot has not shown that "the caregiver of [his] minor children has died or become incapacitated." U.S.S.G. § 1B1.13 comment n.1(C).  The Sentencing Commission's policy statement does not include the care of a parent as a family circumstance warranting a reduction.  Even if it did, Proudfoot has not shown that his parents "are incapacitated and [Proudfoot] is the only available caregiver."  U.S.S.G. § 1B1.13 comment n.1(C).

The sentencing factors in § 3553(a) also weigh against reducing Proudfoot's sentence. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law ... to provide just punishment for the offense ... to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant."  18 U.S.C. § 3553(a).  When sentencing Proudfoot, the Court determined that a downward variance of 60 months to a term of 202 months imprisonment was necessary to carry out these sentencing goals.  Releasing Proudfoot after he has served less than half his sentence would undermine these sentencing considerations.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Joshua M. Proudfoot's Motion for Compassionate Release Under 18 U.S.C. § 3582(c)(1) [Docket No. 94] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  September 11, 2020